**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 26-CV-61562-RS/DSW**

**SYLENA LYDIA DRYDEN,**

**Plaintiff,**

**v.**

**STACEY BAIN, et al.,**

**Defendants.**
______________________________________/

## REPORT AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable Rodney Smith, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 16, 17]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On May 27, 2026, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 against Defendants, Stacy Bain, individually and in her official capacity as DCF Investigator; Sadonna Wallace, individually and in her official capacity as Case Manager; Michael David, individually and in his official capacity as Case Manager; Amber Robinson, individually and in her official capacity as Supervisor; Dedrick Reaves, individually and in his official capacity as Supervisor; Carolyn Schwartz, in her official capacity as DCF Attorney; Sara Goldfarb, in her official capacity as Guardian ad Litem Attorney; Sarah Weitz, in her official capacity as Guardian ad Litem Attorney; and Linda Singer, in her individual capacity and for declaratory relief. [ECF No. 1].

Contemporaneously, Plaintiff filed a Motion to Proceed *in forma pauperis* [ECF No. 3]. She later filed a Motion to Proceed *in forma pauperis* (the "IFP Motion") [ECF No. 11] on August 7, 2026. The Court denied Plaintiff's IFP Motion on the grounds that Plaintiff's Complaint was a shotgun pleading and also noted that Plaintiff had improperly sued certain defendants in their official capacities. [ECF No. 14]. The Court ordered Plaintiff to file an amended complaint on or before September 25, 2026, and noted that failure to comply with the Order may result in dismissal of this action. *Id.* To date, Plaintiff has not filed an amended complaint.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiff the opportunity to file an amended complaint by September 25, 2026, and has warned Plaintiff that failure to do so may result in dismissal. *See* [ECF No. 14]. Plaintiff has still failed to comply with a Court Order, and her failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that

a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of September 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Sylena Dryden, Pro Se